

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,168-02

### EX PARTE TOMMY NATHANIEL TAYLOR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 631602-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. NEWELL, J. filed a dissenting opinion joined by RICHARDSON and SLAUGHTER, JJ.

### O R D E R

Applicant was convicted of possession of a controlled substance and sentenced to twenty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Habeas counsel, Lana Gordon, filed this application with the Harris County District Clerk on January 12, 1995. Applicant alleges that a notice of appeal was filed in a companion case, but this cause number was inadvertently left off of the notice of appeal. He seeks an out of time appeal. The State was served with this application on January 17, 1995, and filed its answer requesting an order designating issues on February 1, 1995. The trial judge signed an order designating issues on

February 2, 1995, ordering affidavits from counsel. Counsel both filed their affidavits on February 13, 1995. The trial court held a habeas hearing on April 25, 1995, where one counsel and Applicant testified. At the end of that hearing, the trial court found counsel ineffective for failing to provide both cause numbers on the notice of appeal and recommended that this Court grant relief in the form of an out of time appeal. The judge also stated that written findings of fact would be prepared, but the record does not contain written findings.

It appears that nothing was done on this writ application from the time of that habeas hearing until March 30, 2016, when habeas counsel filed a motion to withdraw as counsel. In that motion, counsel states that she had timely prepared findings of fact for the trial judge's signature in 1995, but they were never signed. She also states that in 2014, she was appointed to assist Applicant in preparing new findings which were also prepared and never signed. She requested that new habeas counsel be appointed. She was allowed to withdraw on March 31, 2016, and new counsel, Thomas Martin, was appointed to represent Applicant on April 1, 2016. There is no indication that new habeas counsel ever filed anything in this cause.

This application was received by this Court on August 1, 2022. The record contains no explanation as to why there was a decades' long delay in forwarding the application to this Court. We remand this application to the trial court to determine whether: (1) Applicant still wishes to pursue his claim, (2) whether he is suffering collateral consequences from this conviction, and (3) exactly what happened in the processing of this application to cause such a delay.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: NOVEMBER 09, 2022
Do not publish